## THOMPSON'S APPEAL.

A partner has a right to confess judgment in favor of the firm for the amount due, so as to be a lien on his separate estate.

A judgment held by a firm against one of its members is not postponed to a subsequent judgment held by a third party in a distribution of the proceeds of the sale of the debtor's real estate.

Appeal from Court of Common Pleas of Potter County. No. 35 July Term, 1883.

M. S. Thompson obtained a judgment against William Shear, who was a member of the firm of Shear & Jones, who also held a judgment, which was entered of record before Thompson's judgment. The Court awarded the proceeds of the sale to the partnership judgment in the following opinion, per

WILLIAMS, P. J.:

The fund for distribution is raised by the Sheriff's sale of the real estate of William Shear. The claimants are lien creditors. The real question, therefore, for decision is not one relating to the work of marshalling the assets of a partnership, but one of priority of lien. Among the judgments against William Shear is one in favor of Shear & Jones. This firm consists of the William Shear, who is the defendant, and C. S. Jones. When the partnership was entered into Shear was indebted to Isaac Benson about $1,700. The firm of Shear

& Jones borrowed from Benson $4,700. With part of this loan they paid Shear's debt to Benson, and he confessed judgment in favor of the firm for the sum so paid by the firm for him. The judgment is reached by the proceeds of the Sheriff's sale of Shear's real estate; but its right to participate in the fund so raised is denied by M. S. Thompson, a subsequent lien creditor of William Shear. His position is that, as Shear was a member of the firm in whose favor the judgment was confessed, the judgment is not good as a lien against him, and that he ought not to be allowed to come in this way between his own real estate and his creditors.

We have read with interest the carefully prepared written arguments which have been submitted to us, and we have examined at some length the authorities cited; and, while we acknowledge our indebtedness to counsel for their research, we cannot escape the conclusion that the real question in this case has been mistaken. We are not called upon to settle the accounts of a firm with its members, or to marshall the assets of a firm and its members, so as to make equitable distribution among firm and separate creditors; we are simply to settle the order of liens upon the real estate sold.

Without entering, therefore, into a discussion of the question to which our attention has been called by the arguments we shall content ourselves with a simple statement of the conclusions we have reached in this case.

1. One partner may become the debtor of the firm of which he is a member, and he may lawfully secure such debt in the same manner that he can secure any other creditor.

2. His confession of judgment in favor of the firm for such debt, if made *bona fide*, is good against subsequent lien creditors.

3 Such a judgment becomes a part of the partnership assets, and like all other partnerseip property is to be appropriated first to partnership debts, and after they are paid to be divided between the partners.

4. The judgment of Shear and Jones against William Shear belonged, therefore, to the firm and not to the p. r:ners. Shear

as an individual had no interest in it, until the debts of Shear & Jones were fully paid.

5. It is clear from the evidence that the firm of Shear & Jones were insolvent. There could be, therefore, not even a resulting balance for Shear under any circumstances, had his creditors brought his interest in the firm of Shear & Jones to sale by the Sheriff.

The assignment from Willlam Shear to Jones neither hurts nor helps in this inquiry. It passes only such interest as Shear might have in the judgment, and, as the firm was insolvent, it is apparent that he had none at all. Jones, as the liquidating partner, had a right to use the assets without any assignment for the purpose of paying the debts of Shear & Jones. To do this, according to Jones' testimony, requires all the assets and something more. To hold as we are requested to do by the exceptants would simply snap $2,000 of the assets of the firm of Shear & Jones into the pockets of the separate creditors of one partner.

For the reasons stated we confirm the report of the Auditor.

———————

M. S. Thompson then appealed to the Supreme Court, complaining of the action of the Court in not awarding the fund to him.

*Messrs. Munn & Omerod and Larrabee & Lewis*, for the appellant, argued that the partnership judgment was illegal because no man can be both debtor and creditor; McFadden vs. Hunt, 5 W. & S., 468; Hall vs. Logan, 34 Pa., 331; Price vs. Spencer, 7 Phila., 179; Babb vs. Reed, 5 Rawle, 159; Naylor vs. Stein, 2 W. N. C., 396; Koons vs. Hartman, 7 Watts, 20; Gilkeson vs. Snyder, 8 W. & S., 200; Wright vs. Knepper, 1 Pa., 361. If the judgment is legal Shear is entitled to one-half of the judgment, which he would not be allowed to take under the authority of Babb vs. Reed, 5 Rawle, 151; Lay vs. Millete, 1 Phila., 513; Vierheller's Appeal, 24 Pa., 105; Worrall's Appeal, 41 Pa., 524. A partner who has paid a firm debt is not entitled to subrogation against his co-part-

ner until an account has been settled ; Fessler vs. Hickernell, 82 Pa., 150 ; Singizer's Appeal, 28 Pa., 526 ; Sterling vs. Brightbill, 5 Watts, 229 ; Ainey & Appel's Appeal, 11 W. N. C., 568.

*Messrs. C. L. Peck and M. F. Elliott, contra,* argued that a partner had a right to confess a judgment in favor of the firm for the amount due, so as to be a lien on his separate estate ; and such judgment is entitled to share in the proceeds of a sale of such real estate, according to its priority; and cited McCormick's Appeal, 55 Pa., 253; Foster vs. Barnes, 81 Pa., 377 ; Kramer vs. Arthurs, 7 Pa., 172 ; Act April 8th, 1873, P. L., 65 ; Pennock vs. Yeager, 5 Phila., 171 ; Todd vs. Lorah, 75 Pa., 156 ; McKinney vs. Brights, 16 Pa., 399 ; Meily vs. Wood, 71 Pa., 492 ; Loudon S. F. Society vs. Bank, 36 Pa., 498 ; Edwards vs. Tracy, 62 Pa., 380 ; Babcock vs. Stewart, 58 Pa., 181 ; Densmore Oil Co. vs. Densmore, 64 Pa., 50.

The Supreme Court affirmed the decree of the Common. Pleas on October 1st, 1883, in the following opinion, per

STERRETT, J.:

That a partner who is specially indebted to the firm of which he is a member for borrowed money may discharge that indebtedness by payment in cash or its equivalent in property transferred to the firm, or secure the payment thereof, by specific pledge of real or personal property, is a proposition that requires neither argument nor citation of authority. If he may pay or secure the payment of such indebtedness in either of the modes stated, why may he not secure it by confessing a judgment in favor of the firm, and thereby create a lien that may be enforced against his individual real estate to the extent at least of his actual indebtedness ? It is not a sufficient answer to say that a valid judgment cannot be thus confessed because a mechanic's lien can not be enforced or a civil action successfully prosecuted by a firm against one of its members, or *vice versa.* These are both adversary proceedings, and the rights springing from the partnership relation may be interposed as a technical defence. But confession of judgment is the voluntary act of the defendant himself, who

has a perfect right to admit his liability, waive all technicalities, and by confessing judgment, create a lien in favor of the firm against his individual real estate.    Nor is it an insuperable objection that in so doing he appears upon the record in the somewhat anomalous position of defendant and at the same time one of the plaintiffs.    Practically a copartnership is an entity capable of owning property which belongs, not absolutely to either partner, but in which each has simply a resulting interest, a right to an account, which may be recognized by the voluntary act of his copartner, or enforced by bill in equity or other appropriate proceeding.    It is also an interest which may be seized and disposed of by his individual creditors in the manner provided by the Act of April 8, 1873, P. L. 65.    That mode of proceeding was open to appellant, but, inasmuch as the firm was insolvent, it would have availed him nothing.    Again, as was said in McCormick's Appeal, 5 P. F. Smith, 252, a debtor partner is as much a debtor individually to his firm for what it has advanced to him as he would be to any other creditor, and, being the firm's debtor, why may he not voluntarily become its judgment debtor?    When a specific indebtedness by a partner to his firm is recognized, and he is willing to secure the same by judgment or mortgage, there is no good reason why he should not be permitted to do so.    In the event of a sale of the land bound by the judgment or mortgage, and purchase of the same by the firm, a resulting interest would be vested in the debtor partner, but in case of insolvency that interest would amount to nothing so far as he and his individual creditors are concerned, the firm assets being applicable to the partnership creditors.

The learned judge was clearly right in the conclusions stated in his opinion, and in view of the fact that the firm was insolvent and actually indebted to Jones, the solvent partner, for money advanced by him to pay its liabilities, in a sum considerably greater than that realized on the judgment, there was no error in awarding the balance of the fund to him.

Decree affirmed and appeal dismissed at the costs of the appellant.